# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SJP PROPERTIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-694 JAR |
| ) | |
| MOUNT VERNON FIRE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on Defendant's Motion for Bill of Costs filed August 26, 2015. (Doc. No. 45) On August 28, 2015, Plaintiff filed its objections to Defendant's Bill of Costs. (Doc. No. 46) Defendant did not file a reply. Thus, the motion is fully briefed and ready for disposition.

**Background**

This action arose out of damage sustained to Plaintiff's property following a burglary. Defendant denied coverage under its commercial property insurance policy. Plaintiff filed this action against Defendant on February 10, 2014, alleging breach of contract and vexatious refusal to pay. Defendant timely removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On July 27, 2015, the Court entered summary judgment in favor of Defendant on Plaintiff's claims.

Defendant filed a bill of costs on August 26, 2015, asserting entitlement to costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920 in the amount of $1,362.50, which includes $400.00 for fees of the Clerk; $119.50 for fees for service of summons and subpoena;

$722.22 for printed or electronically recorded transcripts; $14.10 for printing expenses; and $106.68 for witness fees. Plaintiff objects to Defendant's bill of costs as untimely filed and because certain of the costs sought by Defendant are not recoverable in accordance with Rule 54 and 28 U.S.C. §§ 1920.

**Discussion**

Bills of costs should always be given careful scrutiny. Koppinger v. Cullin–Schiltz and Assocs., 513 F.2d 901, 911 (8th Cir. 1975). Only those costs authorized by statute may be taxed by the court. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 444-45 (1987). 28 U.S.C. § 1920 enumerates taxable costs, and Fed. R. Civ. P. 54(d) "presumes an award of costs to the prevailing party." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 762 (8th Cir. 2006). However, the court has wide discretion in deciding whether to award costs. Id.; see also Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011); Computrol, Inc. v. Newtrend, L.P., 203 F.3d 1064, 1072 (8th Cir. 2000). The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must "suggest a rationale under which the district court's actions constitute an abuse of discretion." 168th & Dodge, LP v. Rave Reviews Cinemas, LLC, 501 F.3d 945, 958 (8th Cir. 2007).

Plaintiff first objects to Defendant's bill of costs on the grounds that Defendant failed to comply with Local Rule 8.03, which requires a party to file a verified bill of costs no later than twenty-one days after entry of final judgment. E.D. Mo. L.R. 8.03 ("A party seeking an award of costs shall file a verified bill of costs ... no later than twenty-one (21) days after entry of final judgment."). Final judgment was entered in this case on July 27, 2015. Defendant's bill of costs was due on or before August 17, 2015, but filed on August 26, 2015, nine days late. Plaintiff states that when Defendant failed to file its bill of costs within 21 days of the judgment, it

decided not to appeal. Plaintiff argues it has been prejudiced by Defendant's late filing because it can now no longer appeal. This argument is without merit. Neither the finality nor the appealability of the final judgment previously entered is affected by the filing of a bill of costs. Burton v. St. Louis Bd. of Police Comm'rs, 2012 WL 5392500, at *1 (E.D. Mo. Nov. 5, 2012). Accordingly, Defendant's late filing does not constitute a waiver of taxable costs in this case.

Plaintiff specifically objects to the $52.76 witness fee, $65.60 subpoena fee, and $151.05 deposition transcript for Michael Coleman. Plaintiff argues these costs were not "necessarily incurred in the case" because Coleman did not appear for his deposition. As a result, his testimony was not considered by the Court in its ruling in favor of Defendant. (Doc. No. 46 at 2) The Court has broad discretion to tax costs associated with depositions that are reasonably necessary to the case and that were not taken purely for investigative purposes. Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 363 (8th Cir. 1997). Michael Coleman was a contractor working for Stanley Plocker who initially reported water leaking in the subject property. (See Plocker Depo., Doc. No. 12-4 at 20:5-21:13) It was entirely reasonable for Defendant's counsel to believe he would have relevant information. The fact that Coleman did not appear does not obviate the necessity of the costs incurred by Defendant. The Court will overrule Plaintiff's objection and tax Plaintiff for the costs associated with Coleman's deposition in the amount of $269.41.

Plaintiff also objects to the costs for the deposition transcripts of Stanley Plocker ($377.67) and Officer William Wittkoetter ($194.50), as well as the $53.90 subpoena fee and $53.92 witness fee for Wittkoetter. Plaintiff argues these costs were unnecessary because the Court did not use any of this testimony in its entry of summary judgment in Defendant's favor. (Doc. No. 46 at 3) Under § 1920(2), a court has discretion to award deposition costs if the

deposition was "necessarily obtained for use in a case and was not purely investigative," even if the deposition was not introduced at trial. Zotos, 121 F.3d at 363 (citation omitted). The determination of whether a deposition was necessary "must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." Id. (quoted case omitted). The losing party bears the burden of making specific objections that demonstrate that a particular deposition was unnecessarily taken. Hollenbeck v. Falstaff Brewing Corp., 605 F. Supp. 421, 439 (E.D. Mo.1984); Meder v. Everest & Jennings, Inc., 553 F. Supp. 149, 150 (E.D. Mo.1982).

Here, excerpts of Plocker and Wittkoetter's depositions were submitted as exhibits in relation to Defendant's summary judgment motion and reviewed by the Court in making its determination. It cannot reasonably be said in the circumstances of this case that these depositions were unnecessarily taken. Accordingly, Plaintiff's objections to taxing of the costs of these depositions will be overruled. Costs incident to the taking of Plocker and Wittkoetter's depositions will be taxed in the amount of $ 679.99.

Plaintiff also objects to a $14.10 fee to the Missouri Secretary of State. Pursuant to 18 U.S.C. § 1920(3), the court may tax costs for fees and disbursements for printing. The documentation submitted by Defendant suggests the fee was for a certified copy of a public record but does not identify the record. Thus, the Court cannot determine whether this cost was necessarily incurred for use in the case and will not tax Plaintiff for this amount.

Lastly, Plaintiff objects to the $400.00 fees of the Clerk, arguing it was Defendant's choice to remove the case to this Court. (Doc. No. 46 at 3) Plaintiff's argument is without merit. The fee of $400.00 for the filing of a removal action is a statutory cost recoverable as fees of the clerk. 28 U.S.C. §§ 1914(a) (clerk shall require parties instituting any civil action, "whether by

original process, removal or otherwise," to pay a filing fee); § 1920(1) (fees of the clerk recoverable as costs). Defendant has provided documentation showing it was charged $400.00 for filing its notice of removal and accompanying attachments. The Court will therefore overrule Plaintiff's objection and tax Plaintiff $400.00. Hannan v. Auto-Owners Ins. Co., 2014 WL 5148187, at *2 (E.D. Mo. Oct. 14, 2014); Thomas v. Newton, 2009 WL 1851093, at *2 (E.D. Mo. June 26, 2009).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Bill of Costs [45] is **GRANTED** in part and **DENIED** in part.

**IT IS FINALLY ORDERED** that costs shall be taxed against Plaintiff SJP Properties, Inc. and in favor of Defendant Mount Vernon Fire Insurance Company in the amount of **$1,348.40.**

Dated this 16th day of November, 2015.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**